IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

LAMONT HARRIS,

    Plaintiff,

vs.

MARINER FINANCE, LLC

    Defendant

Case No.: 3:18-CV-00588-MHL

## PLANTIFF, LAMONT HARRIS RESPONSE TO DEFENDANT, MARINER FINANCE LLC MEMORANDUM OF MOTION TO ENFORCE THE PARTIES AGREEMENT, COMPEL ARBITRATION, AND DISMISSAL OF PLAINTIFFS, AMENDED COMPLAINT.

Plaintiff, Lamont Harris disputes all allegations claimed by Defendant, Mariner Finance LLC by Defendants represented counsel, Andrew J. Narod, as follows:

1. Any allegations in response to Plaintiff, Lamont Harris complaint alleged by Defendant, Mariner Finance LLC and elected counsel, Andrew J. Narod is expressly denies.

2. In response to paragraph 1, Plaintiff, denies signing and agreeing to any arbitrations contracts and/or oaths, deals, or conversations pertaining to arbitrate his claims against Mariner Finance, LLC.

3. In response to paragraph 2, Plaintiff, denies signing any addendum entitled "Notice Of Arbitration Agreement" and have never agreed to signing any other documents other than pages 1-4 on his contractual agreement with Auto By Design, LLC.

4. In response to paragraph 3, Plaintiff, denies agreeing to resolve all future disputes through binding arbitration under the Federal Arbitration Act. Plaintiff, Lamont Harris, denies all allegations mentioned in paragraph 3.

5. In response to paragraph 4, Plaintiff, denies and dispute all alleged claims. Plaintiff, denies signing any agreements <u>other than pages 1-4 on his contract</u>, as noted on the bottom of the contract, it specially states that the length of the contact was specially "FOUR" pages only and anything else stating

PLEADING TITLE - 1

otherwise is considered to be photoshopped, forged, and/or manipulated via, adobe acrobat, etc. Plaintiff, denies all allegations mentioned in paragraph 4.

6. In response to Defendant, Mariner Finance standard of review (A), Plaintiff, denies all allegations and never agreed to sign any arbitration binding agreements and/or contracts. Anything additional that pages 1-4 on the ORGINAL CONTACTUAL AGREEMENT, should carefully be examined for manipulation and/or forgery.

7. In response to Defendant, Mariner Finance standard of review (B), Plaintiff, denies all allegations mentioned. Plaintiff, never signed any arbitration contracts, thus fore, 9 U.S.C § 3, wouldn't apply to Plaintiff nor would he be held accountable of any controversy arising out of Defendants, allegations.

8. In response to Defendant, III argument paragraph (A), Plaintiff, denies all allegations mentioned throughout paragraphs 1-6. Plaintiff, never signed any FAA agreements and/or contracts. Plaintiff, argues that he has never seen these statements, contacts, agreements, nor even had any prior conversations with the defendants pertaining to any arbitration agreements, Plaintiff, denies all allegations mentioned in these statements.

9. In response to Defendant, III argument paragraph (B), Plaintiff, denies all allegations mentioned throughout paragraphs 1-8. Plaintiff, never agreed to, nor signed, nor committed, nor enforced, nor has Plaintiff, ever seen these documents and/or forms submitted by Defendants, Mariner Finance LLC.

10. In response to Defendant, III argument paragraph (C), Plaintiff, denies all allegations mentioned throughout paragraph 1-8. Plaintiff, never agreed to, nor signed, nor committed, nor enforced, nor has Plaintiff, ever seen these documents and/or forms submitted by Defendants, Mariner Finance LLC.

11. In response to Defendant, Dismissal request, III argument paragraph (D), Plaintiff, denies all allegations accused by Defendant, Mariner Finance and dispute all information and/or contractual agreements submitted by Mariner Finance and/or counsel, Andrew Narod.

12. In response to Defendant, Conclusion statement, Plaintiff, denies all allegations mentioned throughout this entire memorandum, Plaintiff never agreed to sign any arbitration agreement, indeed, Plaintiff has brought this complaint against Defendants, due to fraud, inaccurate reporting, negligence, etc. Defendants, have submitted documents never signed or even heard of by the Plaintiff, Defendants integrity is truly questionable at this point. Plaintiff, denies being held legally "bonded" neither is

PLEADING TITLE - 2

Plaintiff, Lamont Harris, enforced by any arbitration clause, compelled arbitrations, arbitration agreements, deals, oaths, conversations, accounts, balances, laws, statues, codes, penalties, and is asking for Defendants, entire claims to be dismissed based on the Plaintiff, arguments and facts. Plaintiff, Lamont Harris has never signed an arbitration agreement, anything presented with his signature should be carefully examined for forgery.

_____
Pro Se, Litigant

County/City of Highland Springs
Commonwealth/State of Virginia
The foregoing instrument was acknowledged before me this 19th day of September 2018, by Lamont Harris
(name of person seeking acknowledgement)
Michelle George
Notary Public
My Commission Expires: March 31, 2022



PLEADING TITLE - 3

LAMONT HARRIS
612 CHIMBORAZO BOULEVARD
RICHMOND, VIRGINIA 23223
804-572-6904 | 804-203-3272
LHARRIS013@GMAIL.COM

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

## RICHMOND DIVISION

| | |
|---|---|
| LAMONT HARRIS, | Case No.: CL18-3205-8 |
| Plaintiff, | |
| vs. | **ORDER GRANTING MOTION TO REMAND AND GRANTING COSTS** |
| MARINER FINANCE LLC, | |
| Defendant | |

Before the Court is Plaintiff's Motion for Remand, Case Number: CL18-3205-8. The motion was heard without oral argument. Plaintiff, Lamont Harris is a Pro Se Litigant. Defendants are represented by Andrew J. Narod.

### MOTION STANDARD

28 U.S.C. § 1441 permits a defendant to remove an action brought in state court to the district court of the United States if the district court would have original jurisdiction over the action. A plaintiff who contests the existence of removal jurisdiction may file a motion to remand. 28 U.S.C. § 1447(c); Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014). Specifically, section 1447(c) provides: If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payments of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.

### ORDER GRANTING MOTION TO REMAND AND GRANTING COSTS

PLEADING TITLE - 1

Challenges to the existence of removal jurisdiction may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations. Id. The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Thus, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *Id.*

## BACKGROUND FACTS

These facts are taken from the Plaintiff's Complaint:

Plaintiff, Lamont Harris is a former customer of Defendant, Mariner Finance LLC. Plaintiff, Lamont Harris co-signed for a vehicle from Auto by Design, LLC located in Pleasant Valley, Chantilly, Virginia on August 17, 2013. Defendants, Mariner Finance LLC repossessed the vehicle due to non-payment from the primary owner, Bernard Gaskins, in 2015. The 2007 Lexus ES 350 has since been resold, thus fore leaving Plaintiff, Lamont Harris, in proper person, owing nothing. According to § 6.2-2217(b), At least 15 days prior to the sale of a motor vehicle, a licensee shall (i) notify the borrower of the date and time after which the motor vehicle is subject to sale and (ii) provide the borrower with a written accounting of the principal amount due to the licensee, interest accrued through the date the licensee took possession of the motor vehicle, and any reasonable expenses incurred to date by the licensee in taking possession of, preparing for sale, and selling the motor vehicle. At any time prior to such sale, the licensee shall permit the borrower to redeem the motor vehicle by tendering cash or other good funds instrument for the principal amount due to the licensee, interest accrued through the date the licensee took possession, and any reasonable expenses incurred by the licensee in taking possession of, preparing for sale, and selling the motor vehicle. Plaintiff, Lamont Harris, has been a resident at 612 Chimborazo Boulevard, Richmond, Virginia since a minor, Plaintiffs address has never changed nor has Plaintiff, received any further information concerning this vehicle since it was repossessed in 2015.

In 2017, Plaintiff, Lamont Harris decided to hire a credit repair agent, to maximize his credit rights and credit worthiness under The FCRA. The Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. Under the FCRA, consumers have the right to dispute incomplete or inaccurate information, in addition creditors are legally HELD ACCOUNTABLE and must

PLEADING TITLE - 2

correct or delete inaccurate, incomplete, or UNVERIFIABLE information. In addition, consumers also have rights to seek damages from violations.

**PROCEDURAL HISTORY / PLAINTIFF'S COMPLAINT**

On July 3, 2018, Plaintiff brought suit in Richmond City Circuit Court seeking damages and civil penalties, and any addition relief against Defendant Mariner Finance LLC. In his complaint, Plaintiff alleged the following four causes of action:

1. Violation of FRCA Section 623(a)(1)(B) "Failure To Correct Inaccurate Credit Reporting"
2. Violation of FCRA Section 617(a)(1) "Negligent Noncompliance"
3. Violation of FCRA Section 616(a) "Willful Noncompliance"
4. Violation of FRCA Section 619 "Obtaining Information under False Pretense"

References to Federal Law

On August 23, 2018, Defendants filed a Notice of Removal under 28 U.S.C. §§ 1331, 1441, and 1446 on the basis federal question jurisdiction given that the Amended Complaint in the matter is entirely predicated on federal law; 15 U.S.C § 1681, *et seq.* (The Fair Credit Reporting Act) and the Defendant alleges that this is a civil action that falls under The Eastern District Of Virginia, Richmond Division based on federal question under 28 U.S.C §§ 1441, and 1446. Defendants removed this matter pursuant to § 1441, which provides *that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ...."* 28 U.S.C. § 1441(a).

Defendants argue that this Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's complaint is based on facts giving rise to a claim under the FCRA. Section 1331 provides, *"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."* 28 U.S.C. § 1331. Jurisdiction under § 1331 is governed by the "well-pleaded complaint rule," Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987), which provides that federal jurisdiction exists under § 1331 only when a federal question is presented on the face of a properly pleaded complaint. Id., at 392-93. If the complaint relies on only state law, the district court generally lacks subject matter jurisdiction and the action is not removable.

Furthermore, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties

PLEADING TITLE - 3

concede that the federal defense is the only question truly at issue." Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 585 (6th Cir. 1990)(quoting Caterpillar, 482 U.S. at 393). However, the United States Supreme Court has developed a narrow exception to the well-pleaded complaint rule. If Congress intends that a federal statute "completely pre-empt" an area of state law, any complaint alleging claims falling within that area of state law is presumed to assert a claim arising under federal law .2 Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). As stated in the Plaintiffs amended complaint, the Richmond Circuit Court has jurisdiction over this matter under the Jurisdiction of courts; limitations of actions 15 U.S.C § 1681p, 28 U.S.C § 1331(a), and 28 U.S.C § 1355.

Furthermore, The parties do not dispute that Plaintiff has not expressly invoked the FCRA or any other federal statute in the complaint. Therefore, the question before the Court is whether the FCRA completely pre-empts Plaintiff's state law claims such that the case was removable and federal question jurisdiction exists.

The United States Supreme Court has demonstrated reluctance to extend application of the "complete pre-emption" doctrine and has largely limited its notion of complete pre-emption to two federal statutes, the Employee Retirement Income Security Act [hereinafter "ERISA"], 29 U.S.C. § 1144(a), and the Labor Management and Relations Act [hereinafter "LMRA"], 29 U.S.C. § 185(a). See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); Caterpillar, 482 U.S. at 386. In fact, pre-emption transforms a state law claim into a federal claim only "where the pre-emptive force of a statute is 'extraordinary.'" Owen v. Carpenters' District Council, 161 F.3d 767, 772 (4th Cir1998). "The complete pre-emption exception to the well-pleaded complaint rule applies only where the federal pre-emption provision pre-empts all possible causes of action in a certain area, not just where it pre-empts some causes of action or even the specific cause of action at issue." Swecker v. Trans Union Corp., 31 F. Supp. 2d 536, 539 (E.D. Va. 1998). As "federal pre-emption is generally a defensive issue that does not authorize removal of a case to federal court," Taylor, 481 U.S. 58 (1987), removal based on federal pre-emption is warranted only where the "pre-emptive force [of the federal statute] is so powerful as to displace entirely any state cause of action." Avco Corp. v.Aero Lodge No. 735, Int'l Ass'n of Machinists, 390 U.S. 557 (1968).

The United States Supreme Court has established a two-pronged test to determine whether the "complete pre-emption" doctrine should apply so as to authorize the removal of an otherwise non-removable case. Taylor, 481 U.S. 58 (1987). First, the test calls for a determination of whether the plaintiff's state law claims are completely pre-empted, or replaced, by federal law. If they are, then the Court must move to the second inquiry, which requires a

PLEADING TITLE - 4

determination of whether there is language in the particular federal statute or its legislative history from which to conclude that Congress intended to make the plaintiff's cause of action removable to federal court. Id., at 58.

The question at hand is whether, for purposes of removal, these provisions completely pre-empt Plaintiff's state law claims. This question can be answered by determining whether Congress intended to render causes of action such as those asserted in this case removable to federal court. "There is nothing in the legislative history or the FCRA itself to establish that Congress intended that state law causes of action...should be removable." Harper v. TRW, Inc., 881 F. Supp. at 299. In fact, the plain jurisdictional language of the statute militates strongly against complete pre-emption. The FCRA provides in pertinent part that "[a]n action to enforce any liability created under this subchapter may be brought in an appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction...." 15 U.S.C. § 1681p (emphasis added). This apparent grant of "concurrent" jurisdiction suggests that Congress did not intend to render all state law claims removable as pre-empted by the FCRA. In fact, this grant of concurrent jurisdiction distinguishes the FCRA from the LMRA and ERISA, which expressly grant exclusive federal jurisdiction. A primary purpose of the well-pleaded complaint rule is to allow the plaintiff to act as the master of the complaint. In this case, no federal question appears on the face of the complaint and, based upon the federal statutory framework, this Court concludes that the FCRA does not completely pre-empt the field. Conflict pre-emption of the sort created by the FCRA simply fails to establish federal question jurisdiction.

For these reasons, this Court concludes that removal of this action was improper. It is RECOMMENDED that Plaintiff's motion to remand, be granted and that this case be remanded to the Richmond Circuit Court in Richmond, Virginia.

If any party seeks reconsideration of this REPORT and RECOMMENDATION, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this REPORT and RECOMMENDATION, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Responses and objections must be filed within ten (10) days after being served with a copy hereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the REPORT and RECOMMENDATION will result in a waiver of the right to initial de novo review by the District Judge and of the right to appeal the decision of the District Court adopting the REPORT and RECOMMENDATION. See Thomas v. Arn, 474 U.S. 140 (1985);

PLEADING TITLE - 5

Harris v. City of Akron, 20 F.3d 1396 (6th Cir. 1994); Smith v. Detroit Federation of Teachers, Local 231, American Federation of Teachers, AFL-CIO, 829 F.2d 1370 (6th Cir. 1987).

_____
Pro Se, Litigant

County/City of: Highland Springs
Commonwealth/State of: Virginia
The foregoing instrument was acknowledged before me this 19th day of September 2018, by Lamont Harris
(name of person seeking acknowledgement)
Michelle George
Notary Public
My Commission Expires: March 31, 2022



PLEADING TITLE - 6