**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| LAMONT HARRIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:18-cv-00588-MHL |
| ) | |
| ) | |
| MARINER FINANCE, LLC ) | |
| ) | |
| Defendant. ) | |

**MARINER FINANCE, LLC'S REPLY IN SUPPORT OF MOTION TO ENFORCE THE PARTIES' AGREEMENT, COMPEL ARBITRATION, AND TO DISMISS THE AMENDED COMPLAINT**

Defendant Mariner Finance, LLC ("Mariner") submits this Reply in support of its Motion to Enforce the Parties' Agreement, Compel Arbitration of the Plaintiff's claims against Mariner, and Dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(3), and the Federal Arbitration Act. Mariner requests that the Court enforce the parties' agreement to arbitrate and dismiss the Plaintiff's Amended Complaint.

**I. INTRODUCTION**

Mariner's Opening Brief demonstrated through competent, admissible, and sworn evidence that in August 2013, Plaintiff Lamont Harris, with a co-buyer, purchased a vehicle on an installment basis pursuant to a Retail Installment Sale Contract ("RISC"). *See* Exh. A to Opening Brief (RISC) at p. 1, as authenticated by Exh. B to Opening Brief (Declaration of Mariner Finance, LLC). Mariner demonstrated that the Plaintiff also simultaneously executed the RISC's addendum entitled "Notice of Arbitration Agreement" on August 17, 2013. Exh. A at p. 5. The vehicle seller, Auto By Design, LLC, assigned this RISC (including its addendum) to Mariner on the same date. *Id.* at p. 4. Mariner then demonstrated that this authentic arbitration agreement is

valid, enforceable, and properly invoked to cover the scope of claims brought in this lawsuit. Thus, Mariner proved with admissible evidence that the Federal Arbitration Act requires arbitration here.

In response, the Plaintiff has proffered an implausible conspiracy theory to attempt to undermine the operation of the Federal Arbitration Act here.[1]  Plaintiff's cursory (and unsworn) opposition simply claims that the operative arbitration agreement is unauthentic.  (Dkt. 7 at 1-3). Plaintiff denies signing the arbitration agreement.  (Dkt. 7 at 1).  He claims, instead, that the arbitration agreement "should be carefully examined for forgery."  (Dkt. 7 at 3).  Yet, while his Opposition Brief is apparently signed in the presence of a notary, Plaintiff has failed to swear or affirm the truth of his conspiracy theory under the penalty of perjury.  (Dkt. 7 at 3).  As Plaintiff has not provided competent evidence to support his postulation, his position should not prevail.

## II. ARGUMENT

The Plaintiff's Opposition Brief apparently disputes only one matter raised in Mariner's Motion to Compel Arbitration: whether the parties formed an agreement to arbitrate.  (Dkt. 7 at 1-3).  In an effort to obstruct the efficient disposition of this preliminary issue, Plaintiff states without factual adornment that he denies agreeing to arbitrate claims with Mariner (Dkt. 7 at 1) and that the arbitration agreement at issue should be carefully examined for forgery (Dkt. 7 at 3). Plaintiff does not make these allegations under the penalty of perjury.  *Id*.  Nor does his apparent signature before a notary public, without more, remedy this failure.  *Id*.  Plaintiff provides no evidence that his signature on the arbitration agreement, which is unambiguously the same in appearance as his signature on the Installment Contract, is forged.

---

[1] Plaintiff has apparently also filed a document entitled "Order Granting Motion to Remand and Granting Costs." (Dkt. 7 at 4-9).  To the extent this document serves as a Motion to Remand, Mariner will respond in turn within the briefing schedule set forth in Local Civil Rule 7(F), which requires a response within 14 days of service.

This Court is not the first to be faced with the "specter of contractual parties lying to avoid arbitration" and attempting to "place the making of the arbitration in issue simply by opining that no agreement exists." *Deufrains v. Karcauskas*, No. 12-CV-2576-KAM, 2013 WL 4806955, at *17 (E.D.N.Y. Sept. 9, 2013) (quoting *Chastain v. Robinson–Humphrey Co., Inc.*, 957 F.2d 851, 854 (11th Cir. 1992). As the Fourth Circuit decided in *Gregory v. Interstate/Johnson Lane Corp.*, a court may be required to determine the initial question of existence of an arbitration agreement when a party "**reasonably claims** that it never signed the agreement containing the arbitration clause." *Gregory v. Interstate/Johnson Lane Corp.*, 188 F.3d 501, at *7 (4th Cir. 1999) (per curiam) (emphasis supplied). But, to "reasonably" challenge the validity of an arbitration agreement's signature, a party must submit "sufficient evidentiary facts" supporting the assertion that the party did not agree to arbitrate. *Deufrains*, 2013 WL 4806955, at *17 (citing *Gregory*, 188 F.3d 501 at *7). For instance, in *Gregory*, the party opposing arbitration provided an admissible opinion from an FBI-trained handwriting expert to state that what purported to be that party's signatures on agreements were forgeries. *Deufrains*, 2013 WL 4806955, at *17. That element of "reasonableness," however, is not present in Plaintiff's challenge here.

The U.S. District Court for the District of Maryland adjudicated a similar dispute in a 2015 case. *See Roach v. Navient Solutions, Inc.*, 165 F. Supp. 3d 343, 350 (D. Md. Dec. 10, 2015). Following the defendant's request to arbitrate, plaintiff Roach provided "unsworn *ipse dixit*" in her opposition brief stating that she "does not recall" entering into an agreement, just as Plaintiff here states that he does not recall signing an arbitration agreement. *Id*. at 350 n.11. The district court explained that this statement, while futile because it was unsworn, was also

3

"unhelpfully oblique." *Id*. at 350 n.11. The court adeptly explained the level of detail needed to render such a denial sufficiently colorable:

> Plaintiff's assertion that she "does not recall" receiving a loan is not merely unsworn, it is also unhelpfully oblique. *Cf. Dassero v. Edwards*, 190 F. Supp. 2d 544, 555 (W.D.N.Y.2002) ("[I]t is not necessarily enough for plaintiffs simply to aver, in conclusory fashion, that they do not recall signing [an a]greement.... [A] 'party cannot place the making of [an] arbitration agreement in issue simply by opining that no agreement exists. Rather, that party must substantiate the denial of the contract with enough evidence to make the denial colorable.'" (quoting *Chastain v. Robinson–Humphrey Co.*, 957 F.2d 851, 855 (11th Cir. 1992))).

*Id*. at 350 n.11. Thus, the court properly disregarded Roach's strained argument against the making of a contract to arbitrate, and compelled arbitration. *Id*. at 351-52.[2]

Here, as in *Roach*, the Plaintiff has provided nothing more than "unsworn *ipse dixit*" to support his allegation that the arbitration agreement at issue was never formed. *Id*. at 350 n.11. The Plaintiff has not provided a sworn statement that establishes as evidence the conclusory contentions he provided in his Opposition Brief. (Dkt. 7 at 1-3). Nor has he explained why the signature on the Installment Contract is unquestionably the same in appearance as the signature on the arbitration agreement. Instead, this is a party that has attempted to "place the making of the arbitration in issue simply by opining that no agreement exists" in such a way as raises the "specter of contractual parties lying to avoid arbitration." *Deufrains*, 2013 WL 4806955, at *17. Without additional evidence to explain Plaintiff's position, there is regrettably little other explanation.

Mariner, to the contrary, has provided an authentic arbitration agreement to this Court. *See* Exh. A. It has also provided competent evidence, in the form of a declaration, to

---

[2] The court also disregarded an affidavit from Roach, finding that her denials relief upon a "mistaken belief." *Id*. at 350. While this Court need not reach such an issue at this stage, any affidavit provided by the Plaintiff here would be quite possibly subject to the same treatment.

4

authenticate this agreement and explain its terms to the Court.  *See* Exh. B.  Unlike the Plaintiff's unadorned assertions, Mariner's evidence is both admissible and probative.

Congress has established a "strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985).  This Court should accordingly determine that the parties have, in fact, reached an agreement to arbitrate their claims, and disregard the Plaintiff's unsupported claims to the contrary.  Mariner demonstrated in its Opening Brief that the arbitration clause is valid, enforceable, and effective regarding the claims in this lawsuit.

### III. CONCLUSION

The Agreement between Mariner and the Plaintiff is governed by the FAA.  Under the FAA, the parties have reached an agreement to arbitrate.  Plaintiff's paucity of evidence to the contrary does not prevent this Court from ordering arbitration of claims.  In addition, the Plaintiff's claims in this action are clearly covered by the arbitration clause at issue. Therefore, this Court should grant Mariner's motion, enforce the applicable arbitration clause, compel arbitration of the Plaintiff's claims, and dismiss Plaintiff's claims without prejudice.

Dated: September 25, 2018             Respectfully Submitted,

                                      MARINER FINANCE, LLC

                                      By Counsel,

                                      BRADLEY ARANT BOULT CUMMINGS LLP

                                      /s/ Andrew J. Narod
                                      Andrew J. Narod, Esq. (VSB No. 79691)
                                      Bradley Arant Boult Cummings LLP
                                      1615 L Street, N.W., Suite 1350
                                      Washington, D.C. 20036
                                      Telephone: (202) 719-8271

Facsimile: (202) 719-8371
E-mail: anarod@bradley.com

**CERTIFICATE OF SERVICE**

I, Andrew J. Narod, do hereby certify that a true and exact copy of the foregoing has this day been forwarded to all parties of record by depositing a copy of the same in the United States Mail, first class postage prepaid, and addressed as follows:

Mr. Lamont Harris
612 Chimborazo Boulevard
Richmond, VA 23223
*Plaintiff*

Dated: September 25, 2018         /s/ Andrew J. Narod
                                  Counsel